# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRYAN BONHAM, | Case No.: 2:21-cv-01566-JAD-VCF |
| Plaintiff | |
| v. | **Order Granting IFP Application and Screening Complaint** |
| CHARLES DANIELS, et al., | [ECF No. 4] |
| Defendants | |

Plaintiff Bryan Bonham brings this civil-rights action under 42 U.S.C. § 1983 and applies to proceed *in forma pauperis*.[1]  I grant the application to proceed *in forma pauperis* and direct the Clerk of the Court to file the submitted complaint.[2]  Upon screening, I allow some claims to proceed for denial of yard and chapel time and for deliberate indifference to health and safety. The remaining claims and theories are dismissed without prejudice.

## Application to proceed *in forma pauperis*

Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915.  Plaintiff's application to proceed *in forma pauperis*[3] therefore is granted. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

---

[1] ECF No. 4.

[2] ECF No. 2.

[3] ECF No. 4

**Screening**

A plaintiff in another action previously filed the same complaint, which I screened. Based on the analysis in my screening order in that case,[4] which I incorporate herein fully by reference, I permit some claims to proceed and dismiss other claims without prejudice and without leave to amend.

**Conclusion**

IT IS THEREFORE ORDERED that the application to proceed *in forma pauperis* without having to prepay the filing fee **[ECF No. 4] is GRANTED.** This status doesn't relieve plaintiff of his obligation to pay the full $350 filing fee under the statute; it just means that he can do it in installments. This full filing fee will remain due and owing even if this case is dismissed or otherwise unsuccessful.

In order to ensure that plaintiff pays the full filing fee, **IT IS FURTHER ORDERED that the Nevada Department of Corrections must pay** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Bryan Bonham, # 60575 (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. **The Clerk is directed to SEND** a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED that **the following claims may proceed**:

• Count One (Eighth Amendment conditions-of-confinement claim for alleged denial of yard time) against Defendants Daniels, Wickham, Borrowman, Warden Calvin Johnson. Bean, Struck, Piccinini, and V. Johnson;

---

[4] *Prentice v. Daniels*, 2:21-cv-00369-JAD-VCF, ECF No. 7.

1    • Count Six (claims for violations of the First Amendment free-exercise clause, RLUIPA,

2    the equal-protection clause, and Article 1, section 4 of the Nevada Constitution for alleged denial

3    of access to the chapel) against Defendants Daniels, Wickham, Borrowman, Calvin Johnson,

4    Bean, Struck, Piccinini, V. Johnson, and Calderin;

5    • The Eighth Amendment claim in Count Nine based on allegedly being required to work

6    with people who had COVID-19 and not being subsequently re-tested for COVID may proceed

7    against Defendants Daniels, Wickham, Borrowman, Warden Calvin Johnson, Bean, Struck,

8    Piccinini, V. Johnson, Miner, Faulkner, Clayton, and Corrujedo;

9    • The Eighth Amendment claim in Count Nine based on the delay or denial of showers

10   may proceed against Defendant Corey;

11   • Count Twelve (Eighth Amendment deliberate-indifference-to-safety claim based on

12   alleged failure to implement procedures to prevent the spread of COVID-19) may proceed

13   against Defendants Daniels, Wickham, Borrowman, Miner, Warden Calvin Johnson, Bean,

14   Struck, Piccinini, V. Johnson, Faulkner, Clayton, Corey, Corrujedo, and Barrett.

15   IT IS FURTHER ORDERED that **all other claims and theories**, including Count Three

16   and including the state-law tort claims in Counts Two, Four, Five, Seven, Eight, Ten, Eleven,

17   Thirteen, and Fourteen, **are DISMISSED** without prejudice and without leave to amend.

18   IT IS FURTHER ORDERED that the Clerk of the Court is directed to **FILE** the

19   complaint (ECF No. 2) and **SEND a copy of ECF No. 7 in 2:21-cv-00369-JAD-VCF to the**

20   **plaintiff**, as that order contains the screening analysis for these claims.

21   IT IS FURTHER ORDERED that **the Clerk of the Court is directed to electronically**

22   **SERVE** a copy of this order, a copy of the complaint [ECF No. 2], and a copy of ECF No. 7 in

23   2:21-cv-00369-JAD-VCF on the Office of the Attorney General of the State of Nevada by

1  adding the Attorney General of the State of Nevada to the docket sheet.  This does not indicate

2  acceptance of service.

3       IT IS FURTHER ORDERED that **service must be effectuated on all defendants within**

4  **90 days** from the date of this order.  Fed. R. Civ. P. 4(m).

5       IT IS FURTHER ORDERED that, subject to the findings in this screening order,[5] the

6  Attorney General's Office must file a notice advising the Court and plaintiff of: (a) the names of

7  the defendants for whom it accepts service; (b) the names of the defendants for whom it does not

8  accept service, and (c) the names of the defendants for whom it is filing the last-known-address

9  information under seal within 21 days of this order.  For any of the named defendant for whom

10  the Attorney General's Office cannot accept service, the Office must file, under seal (but not

11  serve on the inmate-plaintiff) the last known address of that defendant for whom it has such

12  information.  If that address is a post office box, the Attorney General's Office must attempt to

13  obtain and provide the last known physical address instead. If the Attorney General accepts

14  service of process for any named defendant, that defendant must file and serve an answer or

15  other response to the first amended complaint within 60 days of this order.

16       If service cannot be accepted for any of the named defendant, plaintiff must file a motion

17  identifying the unserved defendant, requesting issuance of a summons, and specifying a full

18  name and address for that defendant.  For any defendant for whom the Attorney General has not

19  provided last-known-address information, plaintiff must provide the full name and address for

20  that defendant.

21       IT IS FURTHER ORDERED that plaintiff must serve upon defendants or, if an

22  appearance has been entered by counsel, upon any defendant's attorney, a copy of every

23

---

[5] And in ECF No. 7 in 2:21-cv-00369-JAD-VCF, incorporated herein by reference.

pleading, motion or other document submitted for consideration by the Court.  Plaintiff must include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed or electronically filed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, plaintiff must direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein.  The Court may disregard any document received by a district judge or magistrate judge that has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk that fails to include a certificate showing proper service.

Dated: October 22, 2021

_____
U.S. District Judge