# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Bryan P. Bonham,

                              Plaintiff

        v.

Charles Daniels, *et al.*,

                              Defendants

Case No. 2:21-cv-01566-CDS-VCF

**Order Granting Plaintiff's Motion for Clarification and Denying Plaintiff's Motion for Entry of Clerk's Default**

[ECF Nos. 15, 16]

Pro se plaintiff Bryan Bonham moves for clarification regarding this court's notice of intent to dismiss pursuant to Federal Rule of Civil Procedure 4(m). The notice warned Bonham that the court has not received any proof of service as to defendants Graham and Sia. Notice, ECF No. 14. The notice further advised that if proof of service was not filed before the December 21, 2022, deadline, the unserved parties may be dismissed. *Id.* Bonham now seeks clarification as to the status of his case given that the court did not receive his response to the 4(m) notice. Mot. for Clarification, ECF No. 15. Bonham has also filed a motion for entry of default. ECF No. 16.

For the reasons set forth herein, I grant Bonham's motion for clarification—which I liberally construe to include a motion to extend time to effectuate service on defendants Graham and Sia—and I grant that request. I deny Bonham's motion for entry of default. I also set forth additional instructions at the end of this order requiring the parties to participate in the Inmate Early Mediation Program, as it appears this case was referred, but no mediation was ever scheduled.

## I.    Relevant Procedural History

Bonham initially brought the claims set forth in his complaint in another case, along with several other plaintiffs. *See generally* 2:21-cv-00369-JAD-VCF. On August 20, 2021, after finding that their claims were not properly joined, United States District Judge Jennifer A. Dorsey

severed the cases. *See id.* at ECF No. 26. The Clerk of Court administratively opened a new case for Bonham on August 23, 2021, and it was assigned to Judge Dorsey. *See* 2:21-cv-01566, ECF No. 1. On October 22, 2021, Judge Dorsey issued a screening order setting forth that Counts One, Six, parts of Nine, and Twelve of Bonham's complaint could proceed. Order, ECF No. 6 at 2–3. Judge Dorsey also ordered that service be effectuated on all defendants within 90 days. *Id.* at 4. The Attorney General's Office accepted service for defendants Stacy Barrett, Jeremy Bean, John Borrowman, Julio Calderin, Willie Clayton, Jacob Corey, Jonathan Corrujedo, Charles Daniels, Bob Faulkner, Calvin Johnson, Vicki Johnson, Michael Minev, Gary Piccinini, Timothy Struck, and Harold Wickham. ECF No. 9. No proof of service for defendants Graham and Sia was filed within the 90-day period.

This case was administratively reassigned to me on April 13, 2022. ECF No. 12. On November 21, 2022, the Clerk of Court issued a notice of intent to dismiss under Federal Rule of Civil Procedure 4(m), advising that unless proof of service as to defendants Graham and Sia was filed by December 21, 2022, the action against them would be dismissed without prejudice. ECF No. 14.

## II.  Discussion

### A.  *Bonham's motion for clarification is granted.*

I grant Bonham's motion for clarification. Federal Rule of Civil Procedure 4(m) establishes the time for service on domestic (meaning, in the United States) defendants. If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m). If a plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. *Id.* The Ninth Circuit has determined that the period is 120 days. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). If the serving party (which here would be Bonham) does not show good cause, the court has discretion to extend time for service, or to

dismiss the complaint without prejudice. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). The court's discretion to extend time for service, or to dismiss without prejudice for failure to timely serve, is broad. *Id.* Courts make case-by-case determinations as to whether the serving party has shown good cause. *Id.* at 512. Generally, good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987); *see also* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337. A showing of good cause requires more than inadvertence. *Id.* "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d at 512 (internal quotation marks and citation omitted).

As noted in my introduction, I liberally construe[1] Bonham's motion to include a motion to extend time to serve defendants Graham and Sia. But I do not find that the information contained in Bonham's motion satisfies the good cause standard. First, he claims that he has not received any filings in this case. While unclear when it occurred, Bonham acknowledges that he did receive the court's 4(m) notice of intent, meaning that he has received at least one filing in this case. Bonham also states that he responded to the notice by attempting to file a responsive pleading,[2] but later learned that his pleading was discovered by the Law Library Supervisor in a pile with numerous other filings. ECF No. 15 at 3. The court assumes the response was never filed as no response was ever docketed. Bonham does not explain why he waited almost eight months after the 4(m) notice was filed to follow up on his pleading or to inquire about the status of his case. It is a plaintiff's duty to diligently monitor his case. *See Giron v. Johnson*, 2022 WL 1446812, at *10 (C.D. Cal. Mar. 8, 2022), *report and recommendation adopted*, 2022 WL 1443331 (C.D. Cal. May 5, 2022) ("Plaintiff's pro se status will not excuse the lack of diligence, as pro se litigants routinely pursue discovery and are responsible for prosecuting their cases). Without more information, and because the record demonstrates a lack of diligence, I cannot find that Bonham meets the good cause standard to extend time to serve defendants Graham and Sia.

---

[1] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

[2] The motion does not specify what sort of pleading he attempted to file, or when he attempted to do so.

1   I thus evaluate whether Bonham has shown excusable neglect. The Ninth Circuit applies
2   the *Pioneer/Briones*[3] factors in deciding whether excusable neglect has been shown under Rule
3   4(m). *See Lemoge*, 587 F.3d at 1198. Those factors require, at a minimum, examination of: "(1) the
4   danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on
5   judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good
6   faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citations omitted).

7   This case has been pending for over two years. I find that the length of delay weighs
8   against finding excusable neglect because the defendants could be prejudiced by joining this
9   action, without notice, this late in the proceedings. At the same time, little has occurred
10  procedurally, so that potential prejudice is not significant. For the same reason, the second
11  factor (the length and impact of the delay) weighs in favor of finding excusable neglect. The
12  third factor, the reason for the delay, weighs against finding excusable neglect as there is no
13  explanation for why Bonham waited so long before seeking more information on the 4(m) notice
14  and the status of his case. Finally, there is no evidence that Bonham acted in bad faith, so this
15  weighs in favor of finding excusable neglect. Balancing all of these factors, I find excusable
16  neglect and give Bonham an additional 60 days to effectuate service upon defendants Graham
17  and Sia. Bonham is reminded that it remains his responsibility to effect proper service. If
18  Bonham does not file proof of service within 60 days of this order, defendants Graham and Sia
19  will be dismissed from this action, without prejudice pursuant to Fed. R. Civ. P. 4(m).

20      B.      *Bonham's motion for entry of default is denied.*

21  On August 29, 2023, Bonham filed a motion for entry of default. ECF No. 16. Although
22  Bonham's motion is titled "Application for Entry of Default," upon review, the substance of his
23  filing is essentially a request to participate in mediation. *Id.* Bonham seeks default because the
24  defendants have not complied with the court's previous order to participate in the Inmate Early

25

26  ---
[3] These factors are drawn from *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380 (1993), and *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

Mediation Program. *Id.* However, default is entered by a court in favor of the moving party if the nonmoving party fails to appear in court or respond to a court summons. Here, as evidenced from the filing, defendants filed an answer on February 8, 2022 (ECF No. 11); therefore, default is not appropriate. Because it appears that Bonham is amenable to settlement discussions, and finding that the parties did not engage in mediation as previously ordered, I refer this matter to the Inmate Early Mediation Program.

**III.   Conclusion**

IT IS HEREBY ORDERED that Bonham's motion for clarification **[ECF No. 15]**, which includes a motion to extend time to effectuate service, **is GRANTED**.

IT IS FURTHER ORDERED that Bonham's motion for entry of clerk's default **[ECF No. 16] is DENIED**.

IT IS FURTHER ORDERED that Bonham must effectuate proper service on defendants Graham and Sia and submit evidence thereof no later than **November 6, 2023**.

IT IS FURTHER ORDERED that this matter is referred to the Inmate Early Mediation Program.

IT IS FURTHER ORDERED that this action is **STAYED for 90 days** to allow for the settlement conference to take place. During this stay period and until the court lifts the stay, no other pleadings or papers may be filed in this case other than those that the court specifically has directed the parties to file, and the parties may not engage in any discovery. On or before 90 days from the date this order is entered, the Office of the Attorney General must file a status report regarding the outcome of the mediation, even if a stipulation of dismissal is filed before the 90-day stay. If the parties proceed with this action, the court will then issue an order setting a date for the parties to file a discovery and scheduling order. Bonham is advised that "settlement" may or may not include payment of money damages and may instead include an agreement to resolve his claims differently. A compromise agreement is one in which neither

party is completely satisfied with the result, but both have given something up and both have obtained something in return.

DATED:  September 14, 2023

_____
Cristina D. Silva
United States District Judge